**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Cipriano MENDIAS–CHAVEZ, Defendant–Appellant.**

**No. 00–3412.**

United States Court of Appeals, Tenth Circuit.

June 5, 2001.

---

954

Before SEYMOUR, McKAY, and BRORBY, Circuit Judges.

### ORDER AND JUDGMENT *

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Jose Cipriano Mendias–Chavez appeals his sentence after pleading guilty to illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Mr. Mendias–Chavez to sixty months in prison. The district court's sentencing calculation included a sixteen-level enhancement for Mr. Mendias–Chavez's prior conviction of an aggravated felony. *See* 8 U.S.C. § 1326(b)(2); United States Sentencing Guidelines Man-

ual § 2L1.2(b)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On appeal, Mr. Mendias–Chavez argues his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the indictment did not charge him with the prior aggravated felony offense. In so doing, Mr. Mendias–Chavez acknowledges the United States Supreme Court has squarely rejected his position in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), as has this court in *United States v. Martinez–Villalva*, 232 F.3d 1329 (10th Cir. 2000). Nevertheless, Mr. Mendias–Chavez states he is raising an *Apprendi* argument to preserve it for further review before the Supreme Court.

We review the district court's application and interpretation of the United States Sentencing Guidelines *de novo*. *See Martinez–Villalva*, 232 F.3d at 1332. As Mr. Mendias–Chavez notes, the issue in this case is identical to that previously analyzed and decided by the Supreme Court in *Almendarez–Torres*, and this circuit in *Martinez*. For judicial economy, we will not repeat the same analysis here, other than to conclude that the district court's imposition of a sixteen-level enhancement based on Mr. Mendias–Chavez's prior aggravated felony conviction does not violate *Apprendi*.

Accordingly, we AFFIRM Mr. Mendias–Chavez's sentence.

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.